CALAF ET AL. *v.* CALAF.

APPEAL from the District Court of Arecibo.

No. 471.—Decided February 14, 1911.

ALLEGATIONS — DEMURRER — JURISDICTION — NULLITY OF THE INSTITUTION OF HEIRS.—District courts have jurisdiction to take cognizance of an action for the annulment of an institution of heirs.

ID.—LACK OF LEGAL CAPACITY TO SUE.—The omission in the complaint of an allegation to the effect that the plaintiff has by executory judgment been declared an acknowledged natural child of his father, where such requisite is necessary for the prosecution of an action for annulment of an institution of heirs, can be no ground for a demurrer based on lack of legal capacity to sue, but for one alleging the lack of a cause of action.

ID.—DEFECTS AS TO PARTIES DEFENDANT.—There can be no defect as to parties defendant in a complaint where the annulment of an institution of heirs being sought, the only instituted heir has been made the party defendant,

for according to the complaint he is the only party interested in the final determination of the controversy.

ID.—MISJOINDER OF ACTIONS.—A misjoinder of actions does not exist in a complaint where the right of action of an acknowledged natural child is exercised as ground for the annulment of an institution of heirs.

ID.—LACK OF CAUSE OF ACTION—AN AMBIGUOUS, UNINTELLIGIBLE, OR UNCERTAIN COMPLAINT.—The plea that the predecessor in interest had acknowledged the plaintiff as his natural child, when the latter was baptized and confirmed by the church and that he had treated and considered him throughout his lifetime as such natural child, is sufficient reason for alleging that the plaintiff is an acknowledged natural child of the predecessor in interest, and considering the terms of this allegation, it must be presumed, for the purposes of a demurrer, that such acknowledgment was effected in an authentic manner, as otherwise he could not be considered an acknowledged natural child, wherefore such a plea is sufficient to sustain the action for annulment of the institution of heirs by reason of preterition, and to decide that the complaint is neither ambiguous, unintelligible, nor uncertain.

NATURAL CHILD—PROOF OF ACKNOWLEDGMENT.—The acknowledgment of the plaintiff's filiation by the testator having been adduced as one of the fundamental facts of an action for the annulment of an institution of heirs, without exercising the action for acknowledgment, and said acknowledgment having been denied by the party defendant, the only evidence admissible at the trial, with reference to this particular, is the public and authentic document establishing such acknowledgment, or the executory judgment decreeing the same.

ID.—INSTITUTION OF THE ACTION.—The institution of the action for acknowledgment is necessary in cases where the father has failed to acknowledge the child or refuses to do so in a solemn manner. In order to dispense with such action it is required that an authentic and authoritive record of the ac-acknowledgment should exist, or that said acknowledgment has been adjudged by a court of competent jurisdiction.

ID.—The acknowledgment affects the very existence of the right, but an acknowledgment, in whatsoever manner made, either directly or indirectly, without an authentic record thereof, does not constitute, according to Law 11 of Toro, sufficient title for the exercise of rights of succession.

ID.—PRESCRIPTION OF THE ACTION.—The action for acknowledgment, in cases where it must necessarily be resorted to, owing to the father's refusal to make it, is susceptible of prescription, even in the matter of the acknowledgment of natural children born under the régime of the Law of Toro.

ID.—The essential and necessary elements of the filiation and acknowledgment of natural children are those having reference to the capacity of the child to be acknowledged and to acts that are necessary to determine the acknowledgment; but the duration of the right of action to obtain it judicially is an incident which the legislator can at any time modify, provided that the person who has or claims to have said right be not deprived, in absolute terms, of the action to secure the declaration thereof, and is allowed a reasonable time to prosecute the same.

ID.—PRESCRIPTION UNDER THE RÉGIME OF THE LAW OF TORO.—Even if the provisions of the Spanish Civil Code or of the Revised Code were not applicable, in the matter of prescription, to a case of acknowledgment regulated by

the Law of Toro, Law 63 thereof, fixing 20 years for the prescription of personal actions, would still be applicable, that of acknowledgment or affiliation being of a similar character.

JUDGMENT—RECORD THEREOF.—A judgment is the final determination of the rights of the parties in a suit or proceeding. A judgment must be presumed to have been entered of record by the clerk of the court, so long as there exists no evidence to the contrary.

ID.—RES JUDICATA.—The acknowledgment of a natural child in an action to establish filiation having been denied by final judgment, each decision constitutes *res judicata* and has effect in another action where there being an identity of litigants and of the character in which they sue or are sued, the annulment of an institution of heirs is sought, and where the principal ground of such annulment would have to be the acknowledgment of said natural child, with all the attending rights, for in that case there is also an identity in the things sued for and in the cause of action, elements which are necessary for the validity of the plea of *res judicata*.

LITISPENDENCIA.—The action in this case having been instituted in the District Court of San Juan, and the latter having declared that it was not competent to take cognizance of the matter, it was again brought before the District Court of Arecibo, where the defendant pleaded the exception of *litispendencia.* Held, on appeal, that it was not possible to consider the existence of *litispendencia* alleged, inasmuch as the decision of the District Court of San Juan had been complied with as to the plaintiff, by the fact of his having applied to the court designated as competent, and as to the defendant, since said decision was in his favor, no appeal could he take therefrom.

ALLEGATIONS—DEMURRER—DEFECT AS TO PARTIES PLAINTIFF.—The exception of defects as to parties plaintiff, pleaded in this case where rights of succession are asserted, said exception being based on the allegation that the plaintiffs have assigned to certain persons an aliquot part of the property and amounts of whatever kind that they may receive by virtue of this suit, cannot be sustained, inasmuch as such assignment does not involve the transmission of hereditary rights to said persons, and the interest the latter may have in the controversy is not of such nature as to permit them to sustain the action prosecuted by the plaintiffs.

The facts are stated in the opinion.

*Messrs. Antonio Alvarez Nava* and *C. M. Boerman* for appellant.

*Messrs. Eduardo Acuña, Carlos López de Tord* and *Nemesio R. Canales* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 22, 1908, the plaintiffs filed an action against the defendant herein in the District Court for the Judicial District of Arecibo to secure the annulment of the designation of heirship.

The complaint contains the following substantial allegations:

1. That the five plaintiffs are the sole and universal intestate heirs of Juan Ramón Calaf y Martínez, the first four—that is to say, Rosa María, José Miguel, Gumersinda Dolores, and María Higinia Calaf Fugurull—in their own right and as natural children, and the fifth—that is to say, César Velázquez—as the natural grandchild and as the son of Carmen Calaf Fugurull, deceased, also a natural child of Juan Ramón Calaf y Martínez, in which capacity and as such heirs they bring this action.

2. That the aforesaid Juan Ramón Calaf was born in this city of San Juan on August 31, 1840, his parents being Salvador Calaf Serra and María Antonia Martínez, who at that time and during the nine months previous thereto professed the Roman Catholic religion, were over 14 and 12 years respectively, in the possession of their faculties, single, free, laymen, not related to each other in any way, nor connected by reason of crime, and neither being bound by promise of marriage to any other person.

3. That the said Salvador Calaf Serra acknowledged Juan Ramón Calaf Martínez as his natural child about the time the latter received the sacraments of baptism and confirmation, and the said Juan Ramón Calaf y Martínez died in Ponce on October 9, 1895, after having been considered and regarded all his life as the acknowledged natural child of his father, Salvador Calaf Serra.

4. That in the year 1890, by deed executed in Manatí before Notary José A. de la Torre on June 17, Salvador Calaf Serra acknowledged the defendant, Federico Calaf Rivera, as his natural child, the latter being at that time 45 years of age, and for about 30 years previous thereto had been living with him, which he continued to do until the death of Salvador Calaf Serra.

5. That Salvador Calaf Serra died in Manatí on February 11, 1903, leaving an open will executed March 24, 1902, before Notary Francisco Y. Náter Rivera.

6. That in the said will the testator, Salvador Calaf Serra, after making several charitable testamentary dispositions and bequests, and after declaring that from his marriage with Petrona Vega, deceased, he had had no succession, instituted Federico Calaf Rivera, his acknowledged natural child, as his sole and universal heir without mentioning the plaintiffs herein.

7. That all of the property left by Salvador Calaf Serra is in the possession of the defendant, Federico Calaf Rivera, who from the date of the death of the former has held all of said property, enjoying the same and using the products thereof as his own.

The complaint concludes with the prayer that judgment be rendered in due time against the defendant, declaring that the institution of Salvador Calaf Serra as the sole heir under the will of March 24, 1902, be declared null and void, and as a consequence thereof that a settlement of the intestate succession of Salvador Calaf Serra be taken up, and that the costs be taxed against the defendant.

The allegation numbered 3 was amended so as to change the last words thereof, reading *"as the acknowledged natural child of his father, Salvador Calaf Serra,"* and substitute therefor *"as the natural child acknowledged by his father, Salvador Calaf Serra"*; and by order of the court, on motion of the defendant, the words *"by deed executed in Manatí before Notary José A. de la Torre on June 17"* were stricken from the fourth allegation.

Defendant demurred to the amended complaint upon the following grounds, to wit:

1. That the court has no jurisdiction of the subject matter.

2. That the plaintiffs are without legal capacity to sue.

3. That there is a defect or nonjoinder of parties de-defendant.

4. That several causes of action have been improperly joined.

5. That the complaint does not state facts sufficient to constitute a cause of action.

6. That the complaint is ambiguous, unintelligible, and uncertain.

7. That the action brought is barred by prescription, according to the provisions of sections 199 and 1840 of the Revised Civil Code in force, and articles 137, 1939, and 1964 of the old Civil Code.

After argument by both parties on these grounds of the demurrer, the same was overruled by order dated January 14, 1909, five days being allowed defendant within which to answer the complaint.

In his answer Federico Calaf denied that Salvador Calaf Serra was the father of Juan Ramón Calaf and that María A. Martínez was a free woman (not a slave) at the time Juan Ramón Calaf was conceived and born, he likewise denying that they possessed the qualifications and conditions stated in the second allegation of fact.

He furthermore denied that Salvador Calaf had at any time acknowledged Juan Ramón Calaf as his natural child, or that he ever at any time during his life had considered or treated him as such; and, finally, he denied that the plaintiffs are the grandchildren of Salvador Calaf Serra.

Defendant alleged and set up by way of further defense:

1. That Salvador Calaf Serra was born in Spain and was a Spanish subject up to the change of sovereignty in this Island, while María Antonia Martínez was a negress and a slave, and, according to information and belief, born in this Island.

2. That even admitting the acknowledgment of Juan Ramón Calaf, the plaintiffs and the defendant would not be the sole intestate heirs of Salvador Calaf Serra, which shows a nonjoinder of parties plaintiff.

3. That at the time this complaint was filed there was another suit pending in the District Court of San Juan based upon the same cause of action and between the same parties litigant wherein judgment was rendered, and 30 days from the date of the judgment had not expired before the filing of the complaint giving rise to the present case.

4. That Juan Ramón Calaf died in Ponce in the year 1895, being over 50 years of age and in the full possession of his mental faculties.

5. That the same plaintiffs filed an action against the same defendant, Federico Calaf, in the District Court of San Juan in the month of March, 1906, alleging that they were the grandchildren and successors of Salvador Calaf Serra, and demanding as such that Federico Calaf Rivera should deliver to them one-half of the estate left by the former, which case was determined by a decision dated November 28 of the same year sustaining the demurrer and dismissing the complaint and not permitting amendment thereof, with the costs; and from that final judgment, holding that the father of the plaintiffs, Juan Ramón Calaf, had not the status of an acknowledged natural child of Salvador Calaf Serra, no appeal whatever was taken.

6. That the action herein brought is barred by prescription, according to the provisions of sections 199 and 1840 of the Revised Civil Code, and articles 137, 1939, and 1964 of the old Civil Code.

The trial having been held, the District Court of Arecibo rendered judgment on July 13, 1909, the adjudging portion of which reads as follows:

"JUDGMENT.

"That the facts and the law are in favor of the plaintiffs and against the defendant; and therefore the eighth clause of the will of Salvador Calaf Serra, executed before Notary Francisco Y. Náter y Rivera on March 24, 1902, wherein the defendant, Federico Calaf Rivera, is instituted as heir, must be and is hereby declared null and void, with the costs of this action against the said defendant."

From this judgment the defendant took an appeal, which is now before us for our consideration and decision, both parties having made such oral arguments and filed such briefs as they deemed proper in defense of their rights.

The first ground of the demurrer, that the court below was without jurisdiction of the action, is clearly untenable, because the question at issue in the suit is the annulment of an institution of heirship, and district courts have jurisdiction of such cases in an ordinary action such as the one prosecuted herein. The reason advanced in the trial court in support of that ground of the demurrer, namely, that it was not alleged in the complaint that Juan Ramón Calaf was acknowledged by order of a judicial decree, was in nowise sufficient to warrant the court in sustaining a demurrer to its jurisdiction of the subject matter of the action, even upon the supposition that such an allegation were an indispensable requisite to the exercise of the right of succession.

The want of legal capacity to sue alleged by the defendant, as to the plaintiffs, cannot be successfully urged as sought by the defendant, on the ground that Juan Ramón Calaf had not been declared an acknowledged natural child of Salvador Calaf by a final judgment, because the absence of that requirement, in case it were necessary to the prosecution of an action for annulment, would constitute a want of cause of action and not a want of capacity to sue. Neither is there any defect or nonjoinder of parties defendant, because the prayer of the complaint being for the annulment of the institution of heirship in favor of the defendant under the will of Salvador Calaf Serra, executed March 24, 1902, said defendant is the only party who *under the complaint* is interested in the final judgment or decision which might be rendered therein.

It is true that the complaint also prays that as a consequence of the annulment sought the intestate succession of Salvador Calaf Serra be opened and taken up, but such action on the part of the court would in nowise affect the proceedings

which, in a proper case, would be had to effect a partition of
the estate of Calaf Serra.

Nor have several causes of action been improperly joined—
that is to say, an action for filiation and an action for the an-
nulment of the institution of heirship—since a mere glance at
the prayer of the complaint shows that only the latter action
has been prosecuted notwithstanding plaintiffs alleged that
Juan Ramón Calaf, whose successors they are, is a natural
child of Salvador Calaf, in order to prove their capacity as
heirs in which they prosecuted the action for annulment.

Counsel for the respondent maintains that there was no
need of his prosecuting an action for filiation, because of the
existence of an express and voluntary acknowledgment as a
natural child made by Salvador Calaf Serra in favor of Juan
Ramón Calaf, the ancestor of the plaintiffs, defendant having
maintained the contrary.

If the action for annulment has alone been prosecuted, it
is clear that there is no improper joinder of causes of action,
as there would be none had an action for acknowledgment
been brought as a basis for the annulment of the institution of
heirship.

The other plea, that the complaint does not state facts suffi-
cient to constitute a cause of action, is based on the ground
that there is no allegation in the complaint to the effect that
Salvador Calaf had acknowledged the father of the plaintiffs,
which is an essential requisite to the existence of the action
exercised; and in support thereof it is alleged that the para-
graph of the complaint relating to the acknowledgment is not
a statement of fact, but a conclusion of law, which would not
be properly alleged, upon the erroneous assumption that it
was a fact; that the acknowledgment, if made, should have
been entered in the civil registry, and that the existence of
such an entry should have been alleged in the complaint.

We have carefully read the paragraph of the complaint
relative to the acknowledgment, which paragraph we have
quoted hereinbefore under number 3 in setting forth the fun-

damental facts alleged in the complaint, and we are of the opinion that the alleged acknowledgment is sufficient, when taken together with the other facts alleged in the complaint, to constitute a cause of action. This action is for the annulment of the institution of heirship in favor of the defendant, because of the preterition of the plaintiffs, the natural grandchildren of Salvador Calaf, who was the father of their ancestor, Juan Ramón Calaf, and the allegation that Salvador Calaf acknowledged Juan Ramón Calaf Martínez as his natural child at the time he received the sacraments of baptism and confirmation, having treated and considered him as his natural child during his whole life, shows that Juan Ramón Calaf was the acknowledged natural child of Salvador Calaf Serra, whose acknowledgment must be presumed to have been effected in an authentic manner in view of the terms in which the allegation is drawn, because, according to the usual common language, an acknowledged natural child is one who has been acknowledged in the manner above indicated. The period itself in which the acknowledgment was made—that is to say, the time Juan Ramón Calaf was baptized and confirmed—would seem to indicate that said acknowledgment was effected in one of those acts, and that it was recorded in an authentic manner in the documents which, at that time, were drawn for the purpose of attesting the administration of those sacraments or, at least, that of the baptism.

In any event, although the form of acknowledgment may not have been expressly set forth in the allegation under consideration, the terms in which the latter was drawn do not preclude the existence of an authentic acknowledgment, and the evidence to be taken in due time at the trial would show the manner in which it was made. Should it appear from the evidence that the acknowledgment had not been made in an authentic manner, it would then be proper to determine, and this we shall do, whether or not the acknowledgment made in any other form would be sufficient to serve as a ground to support the action brought.

On the other hand, bearing in mind that an action for acknowledgment was not prosecuted—said acknowledgment being taken for granted—but an action for the annulment of the institution of heirship in favor of Federico Calaf based on the fact of that acknowledgment, we are of opinion that the allegation of the acknowledgment in the manner set forth is sufficient for the purposes for which it was intended without prejudice to such proof to the contrary as may be produced at the trial in regard to the manner in which that act was performed. If the action here prosecuted were one for acknowledgment possibly we might hold a different opinion.

Nor is the complaint ambiguous, unintelligible, or uncertain as regards the alleged acknowledgment, because as we have hereinbefore stated, the usual and ordinary signification of the language used in that allegation as to the acknowledgment shows that Juan Ramón Calaf was acknowledged by Salvador Calaf as his natural child in an authentic manner at the time he received the sacraments of baptism and confirmation, he having been treated and considered as the acknowledged natural child of his father, Salvador Calaf.

Certainly this latter claim would be superfluous if the acknowledgment of Juan Ramón Calaf were made in a public and solemn form, but such redundancy would never lead to the conclusion that the acknowledgment was made otherwise, much less that the allegation of acknowledgment is ambiguous, unintelligible, or uncertain.

Nor is the action pursued barred by prescription, since it is an action for annulment; while the legal provisions cited in support of this ground of the demurrer refer to prescription of the action for filiation and acknowledgment, which the plaintiffs allege and maintain was not prosecuted by them, and we cannot change the terms in which the judicial controversy was established.

We think, then, that for the reasons above stated the order of the District Court of Arecibo, made on January 14, 1909, overruling the demurrer to the complaint is supported by the

law. We will now take up and consider the following legal questions raised by the appellant in his brief:

1. That no evidence of the acknowledgment of Juan Ramón Calaf by Salvador Calaf y Serra should have been admitted other than the public instrument showing the acknowledgment of Juan Ramón Calaf, or a final judgment ordering such acknowledgment.

2. The plea of *res judicata.*

3. That of prescription.

4. That of *litispendencia.*

5. That of defect or nonjoinder of parties plaintiff.

In regard to the first legal question, we are of opinion that one of the fundamental facts alleged in the complaint being that the filiation of Juan Ramón Calaf was acknowledged by Salvador Calaf y Serra, without bringing an action for acknowledgment, and said acknowledgment having been denied by the defendant, the only evidence that could or should have been admitted is the public and authentic document showing such acknowledgment, or a final judgment ordering that such acknowledgment be made.

In the case of *Armsterdam et al.* v. *Puente et al.,* decided June 17, 1910 (16 P. R., 527), we said:

"We think it is a fair deduction from the provisions of the Civil Code, heretofore in existence, as well as the practice and jurisprudence in this regard that, without some authentic act which reveals the will of the father to give the child a status, the child has only a right of action to compel the father to confer such status. Section 135 of the Spanish Civil Code and section 189 of the Porto Rican Civil Code provide for the cases when a father is compelled to acknowledge his illegitimate child. He can be compelled by an action, and the necessity for such action can only be said to be dispensed with when there are some solemn acts on the part of the father which show that this obligation has already been performed. It is the plain inference from these sections that although a father may have done, as in the case before us, any number of acts to show that a particular person was his child, yet he cannot be said to have acknowledged him according to the legal use of the word 'acknowledgment.' If he

may be compelled then before such compulsion the desideratum has not been attained. Until there is some solemn act or some declaration on the part of a court a child cannot be said to have acquired the civil status of an acknowledged natural child.''

In the case of *Justo Puente et al.* v. *Félix Puente y Solano et al.*, decided June 18 of the year aforesaid, the legal question was discussed as to whether in the special proceeding for the declaration of heirship, as prescribed by the act approved March 9, 1905, could evidence be admitted to establish the acknowledgment of a natural filiation, which evidence had been rejected by the lower court, and in deciding this point we said:

''In our judgment the trial court did not commit the error alleged.

''In order for the appellant in this case to have successfully alleged her condition of an acknowledged natural daughter and make opposition as such, and as such be declared an heir, it was necessary that her acknowledgment should be clearly shown to have been made by the father in a voluntary and formal manner, or that if she had the right to be acknowledged under the law, and the father failed to make the formal acknowledgment or declined to do so, that she had obtained a final judgment in her favor from a court of competent jurisdiction and under the proper 'contentious' proceeding.'' (*Puente et al.* v. *Puente et al.*, 16 P. R., 558.)

''* * * It has been the constant practice that when a father fails or declines to make the acknowledgment, that the son must have recourse to a court of competent jurisdiction and exercise an action for filiation to secure a judgment of the court declaring what the father failed or declined to declare.'' (*Puente et al.* v. *Puente et al.*, 16 P. R., 560.)

In the case of *Emilia Rijos Córdova* v. *Teresa Folgueras Rijos et al.*, decided June 21 of the year aforesaid, we said:

''A natural child derives his right from the acknowledgment and in order that the acknowledgment may be considered to have been made, it is necessary that it be made in a formal manner by the father with the firm intention of making such acknowledgment, and that the proper authentic and trustworthy record thereof appear. When the father performed acts tending to establish his paternity, which acts in themselves did not constitute a formal acknowledgment and of

which no authentic and trustworthy record appears in accordance with the Laws of Toro; when the cases mentioned in section 137 occurred, under the former Civil Code, and when the acts referred to in section 189 of the Revised Civil Code, then the action for filiation should and must be exercised, and the acknowledgment should and must appear in the formal final judgment of a court of competent jurisdiction.

"Parents who, in the fulfilment of their duties, wish to transmit to their natural children their surname and property, or the part thereof to which they may be entitled, must make the acknowledgment a matter of record in an authentic and trustworthy manner; for example, in the record of the birth, in a public document, in their will, in a declaration made in due form before an official or court, etc., in order that the natural acknowledged child may prove his status as such in the same manner as a legitimate child.

"When the parents do not recognize natural children in the manner mentioned, then the children must bring an action for filiation and obtain a judicial declaration of their right." (*Emilia Rijos Córdova* v. *Teresa Folgueras Rijos et al.,* 16 P. R., 598.)

In accordance with the legal doctrine laid down in the above-mentioned cases, the action for acknowledgment must be exercised when the father has failed or refuses to make it in a solemn manner, and such action can be dispensed with only where there exists an authentic record of such acknowledgment, or the same has been declared by a judgment of a court of competent jurisdiction. Hence, as no action for acknowledgment has been prosecuted in this case and as it has only been alleged that Juan Ramón Calaf was the acknowledged natural child of Salvador Calaf Serra as one of the fundamental facts of the complaint, which allegation, in view of the legal and grammatical signification of those words, implies an acknowledgment in a solemn and authentic form, it is clear that any evidence not tending to show an acknowledgment made in that form must of necessity be insufficient in law for the purposes sought by the plaintiffs.

The testimony of witnesses introduced by the plaintiff tending to show the acts of acknowledgment of filiation of Juan Ramón Calaf as the natural child of Salvador Calaf

Serra; the document introduced by the plaintiff and about which so much discussion has taken place in the trial, a document without any date whatever and drawn in the following terms: "I acknowledge Juan Ramón Valentín as my natural child, and this acknowledgment shall be considered as of the date of his baptism, Salvador Calaf;" the certificate of the registration of Juan Ramón Calaf in a book of confirmations, as it has been sought to show, drawn in the following terms: "519. Ramón, natural child of Salvador Calaf and María Antonia Martínez. Father Pedro Alías;" the testimony of various witnesses tending to show the authenticity of the first of said documents; and the examination thereof by expert chemists and caligraphers, would be pertinent evidence in an action for the filiation and acknowledgment of Juan Ramón Calaf, but not in an action wherein both filiation and acknowledgment are presumed to appear in an authentic manner, which evidence being in some way incontrovertible cannot be discussed.

We cannot admit that in accordance with Law 11 of Toro, which was in force at the time Juan Ramón Calaf was conceived and born, an acknowledgment made in any form, direct or indirect, without any authentic record thereof, constitutes a sufficient title to exercise the right of succession. Such a theory would be the same as to maintain that the interested party himself should judge as to what facts are sufficient to determine his acknowledgment and who should interpret the meaning and measure the scope of the statements and the acts and words constituting the same. It is the province of the courts to determine such matters in an action for acknowledgment, but not in any other class of proceeding. And we say in an action for acknowledgment, so that the controversy may be free and open, under a complaint setting forth all the facts constituting such acknowledgment, wherein the defendant has a right to raise such objections as he may deem proper by way of demurrer to the complaint.

As an action for acknowledgment has not been prosecuted,

the defendant in this suit has been deprived of the right to take proper exceptions to such an action, wherefore he has been deprived of a substantial means of defense; and to be deprived of that right in this case is of greater importance when it is considered that the defense of prescription would completely nullify an action for acknowledgment, as we shall proceed to show.

We repeat that since the action herein prosecuted was for the annulment of the designation of heirship, the legal provisions governing the duration or prescription of an action for the acknowledgment of a natural child are not applicable to the case, and, for that reason, we hold that as the action for annulment is based on the acknowledgment and natural filiation of the plaintiffs, and as such an acknowledgment does not appear in the record in any authentic form, an action for acknowledgment should have been brought either prior to or together with the action for annulment of the designation of heirship, so that the defense of prescription could have been alleged and decided.

The respondents say in their brief:

"The complaint herein does not pursue an action for filiation. Our action is solely an action for the annulment of the designation of heirship, and we cannot admit the discussion of any questions of filiation other than those referring to or concerning the action above mentioned which, as may be clearly seen, is not affected by the legal provisions cited by the adverse party. But independently of this, we believe that in the matter of acknowledgments of natural children born during the time that the Law of Toro was in force, the question of prescription of actions cannot be raised except in the case of compulsory acknowledgment. And the reason is obvious. Prior to the first code acknowledgments made under the former laws did not require any formality whatever, the free will of the father being sufficient. Upon the expression of such a desire no other formality was required in order that such an acknowledgment should produce its legal effects. It is evident that prescription cannot be invoked, where a legal status is alleged, against the person who is in possession of such status, because it is well established that prescription presupposes the absence of possession."

As will be seen, the respondents themselves admit that prescription may be invoked in an action for compulsory acknowledgment, and as the acknowledgment of Juan Ramón Calaf would be a case of compulsory acknowledgment inasmuch as during his life Salvador Calaf did not acknowledge in an authentic manner that he was his natural child, even to the point of omitting him in his will, and the defendant, now the successor of Salvador Calaf, denies such acknowledgment, it appears that the action for acknowledgment of Juan Ramón Calaf is subject to prescription.

The defense of prescription in an action for acknowledgment may be alleged even where the acknowledgment of natural children born under the régime of the Law of Toro is involved, as we have decided in the case of *Gual et al.* v. *Bonafoux et al.* on June 25, 1909. In that case we said:

"The right of the plaintiffs, Luis and Alfonso, to recognition as natural children, and, consequently, the action for a declaration of this right having arisen before the old Spanish Civil Code went into effect, both right and action must subsist with the extension and according to the terms recognized by the prior legislation; but neither can have a longer *duration* than that prescribed by the code.

"*Extension and terms* carry with them ideas entirely distinct from that of *duration*, the first two words determining the scope and efficacy of a right of action, while the third word refers to the time during which they are to have life and effectiveness. There is no conflict or contradiction in the precepts of rule 4 transcribed above. Could any doubt arise as to their signification and meaning, this is dispelled in the preliminary explanation given in the Spanish Civil Code when it says:

" 'But if it is equitable to respect rights acquired under the prior legislation, although they have not been exercised, no consideration of justice demands that their subsequent exercise, their *duration,* and the proceedings instituted for their recognition, should be exempt from the provisions of the code.' " (*Gual et al.* v. *Bonafoux et al.,* 15 P. R., 550, 551.)

We agree with the Supreme Court of Spain in its judgment of September 23, 1898, that the acknowledgment of filiation

affects the very life of the right itself, and for that reason we said in the case of *Gual et al.* v. *Bonafoux et al.* that—

"As we see, Luis and Alfonso Gual have only to establish, through any of the probatory means admitted by law, the express or implied acknowledgment of their natural filiation on the part of Tomás Gual, according to Law 11 of Toro, as construed by the jurisprudence of the Supreme Court of Spain, the plaintiffs not being required to prove the existence of the evidence prescribed by article 135 of the former Civil Code, as modified by section 189 of the amended one, in order to compel their alleged father or his estate to acknowledge the filiation claimed by them, for in that case rights originating from acts which took place under the Law of Toro would be prejudiced, thereby violating rule 1 of the provisions enacted for the application of either code." (*Gual et al.* v. *Bonafoux et al.*, 15 P. R., 549–550.)

We have examined the judgments of the Supreme Court of Spain of April 11, 1906, December 28, 1906, and April 2, 1909, which having been rendered after the change of sovereignty cannot be considered by us as legal authority, but have the weight of judicial doctrine imparted to them by the strong reasons upon which they are based.

The last of said judgments clearly sets forth "that it is true that in the trial the defense of prescription was not invoked, nor is any section of the code cited in the appeal which applies to the duration of actions, with the exception of article 137, which is not applicable to the case." And the said Supreme Court of Spain, in its judgment of December 19, 1902, notwithstanding the fact that it was considering a case wherein it was sought to establish the acknowledgment of a natural child born during the time that the Law of Toro was in force, held that it was not true that article 137 of the Civil Code of Spain does not provide a period within which an action for acknowledgment may be brought, inasmuch as it expressly specifies that it must be brought within the four years immediately following the date on which the interested party attains his majority.

We regret that we are unable to accept all of the reason-

ings of that high tribunal in the construction of rule 4 of the Transitory Provisions for the application of the Spanish Civil Code in connection with article 137 thereof.

We are of the opinion that the necessary and essential elements of filiation and acknowledgment of natural children are those which refer to the capacity of the child for recognition and the necessary acts to determine acknowledgment, which elements are different in Law 11 of Toro, in the Civil Code of Spain, and in the Revised Code. And we are further of the opinion that the duration of the action for judicial acknowledgment is an incident which may be changed or modified by the legislature at any time under certain conditions so long as no one who has or claims to have that right is prevented in absolute terms from prosecuting an action to secure his acknowledgment.

If a reasonable time is granted for the exercise of that action before the right is denied, there can be no reason for complaint.

Upon this subject we said, in the case of *Emilia Rijos Córdova et al.* v. *Teresa Folgueras et al.*, decided June 21, 1910:

"The Supreme Court of the United States has held:

"'This court has often decided that statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect. (*Hawkins* v. *Barney*, 5 Pet,. 451; *Jackson* v. *Lanphire*, 3 *id.*, 280; *Sohn* v. *Waterson*, 17 Wall., 596; *Christmas* v. *Russell*, 5 *id.*, 290; *Sturges* v. *Crowningshield*, 4 Wheat., 122.) It is difficult to see why, if the legislature may prescribe a limitation when none existed before, it may not change one which has already been established.'" (*Rijos* v. *Folgueras et al.*, 16 P. R., 597.)

In accordance with the foregoing doctrine the Civil Code of Spain, in its article 1939, and our Revised Civil Code, in section 1840, established the following provision:

"Prescription, which began to run before the publication of this code, shall be governed by the prior laws; but if, after this code became operative, all the time required in the same for prescription has

elapsed, it shall be effectual, even if according to said prior laws a longer period of time may be required.''

The action for acknowledgment of Juan Ramón Calaf is barred by prescription either under the provisions of article 137 of the Spanish Civil Code or of section 199 of the Revised Civil Code.

But even admitting that neither the provisions of the Civil Code of Spain nor those of the Revised Civil Code governing the duration of actions for acknowledgment are applicable to the present case, there would still be Law 63 of Toro, which provides that personal actions shall prescribe in 20 years, and the action for acknowledgment of filiation partakes of the nature of personal actions.

We cannot find any provision whatever in the laws in force at the date of the birth of Juan Ramón Calaf which exempts from prescription the action for acknowledgment, nor do we see why it should be regarded as incapable of prescription by reason of its nature; and great confusion would arise among families if this were so, because in such a case the descendants in any degree of a natural child in possession of the right to acknowledgment could enforce their rights against the successors of the natural child.

We will now consider the plea of *res judicata*.

It appears from the record that on March 14, 1906, Rosa María, José M. Dolores, and María Calaf, Gerardo Velázquez y Calaf, represented by his father, Manuel Veláquez, and José and Adela Calaf, insane, and represented by their brother, José Miguel Calaf, filed a complaint in the District Court of San Juan, wherein it was prayed that judgment be rendered in their favor and against the defendant, Federico Calaf Rivera, declaring that Ramón Calaf was the natural child of Salvador Calaf Serra, and as such had a right to inherit one-half of his estate; that the plaintiffs were, as the sole heirs of the said Ramón Calaf, the persons entitled, with respect to the inheritance of Salvador Calaf Serra, to the

rights of Ramón Calaf; that the defendant, Federico Calaf Rivera, should be required to render to the plaintiffs an accounting of the estate of Salvador Calaf, and of the products thereof, by means of a liquidation; and finally, that Federico Calaf Rivera should deliver to the plaintiffs one-half of the property left by Salvador Calaf Serra, and the products thereof, from the year 1902, and pay the costs of the action.

To this complaint defendant demurred on the grounds that the plaintiffs were without legal capacity to sue; that the complaint did not state facts sufficient to constitute a cause of action; that the complaint was ambiguous; and that the action for acknowledgment was barred by prescription.

A hearing having been had on this demurrer, the court rendered the following decision:

"DECISION.

"A hearing upon the demurrer to the complaint herein having been had, counsel for both parties being present, the court, after considering the complaint and the demurrer thereto, which was submitted for its decision by said counsel, without argument, is of the opinion that the facts and the law support the demurrer and are against the complaint, and therefore decides to sustain the said demurrer and holds that the defendant shall not be required to answer the complaint, which is dismissed without permission to amend, with the costs. Done in open court this 28th day of November, 1906, in San Juan, Porto Rico. Signed. Pedro de Aldrey, Judge."

According to the certificate of the secretary of the court above mentioned, the decision hereinbefore quoted has become final, no appeal whatever having been taken therefrom.

Before proceeding further we should observe that it is not a question here of an opinion of the judge, but of a final decision which is a determination adversely to the rights of the plaintiffs, submitted for discussion in the complaint, inasmuch as the complaint is dismissed without permission to amend, with the costs against the plaintiffs.

Such declaration is not an opinion, but a judgment, as that term is defined in section 188 of the Code of Civil Procedure.

That judgment must be presumed to have been entered, because it being the duty of the secretary of the court to enter it, according to sections 231 and 234 of the Code of Civil Procedure, the legal presumption exists that he has performed that duty—a presumption mentioned under subdivision 15 of section 102 of the Law of Evidence, approved March 9, 1905. Such presumption, however, may be controverted by other evidence, which the plaintiffs have failed to do, for they have not excepted even to the evidence introduced by the defendant to support the contention of *res judicata*. And this presumption is further strengthened in this case by the fact that the secretary of the court certified that the judgment had become final because no appeal whatever had been taken therefrom, from which affirmation it may be deduced that the judgment had been entered.

So that, according to the judgment above mentioned which has become final and constitutes *res judicata*, it is decided and held that Ramón Calaf is not a natural child of Salvador Calaf Serra, and that neither he nor the plaintiffs in said suit, as heirs of Ramón Calaf, have any right to inherit from Salvador Calaf Serra, and that Federico Calaf Rivera is under no obligation to render to the plaintiffs any accounting of the estate of Salvador Calaf, and of the products thereof, by means of a liquidation, nor to deliver to the plaintiffs one-half of the property left by Salvador Calaf Serra, together with the products thereof, from the year 1902.

Do these declarations constitute a presumption of *res judicata* in this suit? Section 1219 of the Civil Code in force reads as follows:

*       *       *       *       *       *       *

"In order that the presumption of *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such."

In the two suits to which we refer there is an identity of things, since the ultimate purpose of both is none other than to secure participation in the estate of Salvador Calaf; the ground for demanding this participation is the same, namely, the acknowledgment of Juan Ramón Calaf as a natural child, which in one suit is prayed for and in the other presumed; and, finally, the litigants are the same with the sole difference that the minor plaintiff appears with different names in each suit, and that in the second suit José and Adela Calaf do not appear as they did in the first, they having died and been succeeded in their rights by the plaintiffs in the second action, as is shown by the record.

If the complaint which gave rise to this suit were sustained, the principal ground would necessarily be the acknowledgment of Juan Ramón Calaf as the natural child of Salvador Calaf with the rights incident thereto, thereby contradicting and annulling what had already been determined by final judgment.

If the exception of *res judicata* pleaded by the defendant were not admitted, the fundamental fact alleged in the complaint, namely, the acknowledgment of Juan Ramón Calaf as a natural child, would still appear to have been decided in the negative by final judgment, so that it could not be controverted or discussed in the present suit, and, therefore, the action for the annulment of the designation of Federico Calaf as heir has no ground to stand upon.

In regard to the plea of *litispendencia,* it has been shown that in another action prosecuted before the District Court of San Juan by the same plaintiffs against the same defendant, on the same grounds, on motion of the defendant, the said court decided that it was without jurisdiction of the case, and that if the complaint were not amended within 10 days the said decision would be entered as the judgment of the court for the purposes of appeal, and on September 21, 1908, the decision aforesaid was entered in the judgment book, because no amendment to the complaint was presented, and

the time fixed therefor, as well as the extension granted, had expired.

It also appears that the complaint giving rise to this action was filed in the District Court of Arecibo on the following day, the 22d of September; that Federico Calaf was served with notice thereof on the 23d of the same month, and that the exception of *litispendencia* was alleged in the answer to the complaint filed on January 18, 1909.

Applying to these facts section 348 of the Code of Civil Procedure, which provides that an action shall be deemed to be pending from the time of its commencement until its final determination upon appeal or until the time for appeal has passed, unless the judgment is sooner satisfied, it will be seen that the said decision of the District Court of San Juan, entered as a judgment on September 21, 1908, was rendered at the instance of the said defendant, who, therefore, could not take an appeal therefrom; and with respect to the plaintiffs, that decision was complied with by the mere fact that plaintiffs resorted to the District Court of Arecibo and filed the complaint, and it cannot be successfully alleged, as sought by the appellant, that an appeal could have been taken from that decision in so far as it granted permission to amend the complaint, because the order of the court was entered as a judgment after the expiration of the time which was granted them within which to amend the complaint.

Therefore, the allegation of *litispendencia* cannot be sustained, nor can the plea of defect or nonjoinder of parties plaintiff consisting, as alleged by appellant, in that Antonio Cortada and Juan Gregory are the assignees of 50 per cent of the property of all classes which, by reason of this suit, might be finally adjudicated to the plaintiffs, Rosa María, José Miguel, María Higinia Calaf, and César Velázquez Calaf.

After an examination of the evidence upon this particular introduced at the trial, we find:

1. A written agreement, dated San Juan, June 12, 1907, whereby Rosa María Calaf, claiming to be the heir of her

grandfather, Salvador Calaf, as the daughter of Juan Ramón Calaf, authorized Cortada and Gregory to make a search in respect to all matters concerning her right to said inheritance, obtain the necessary documents, and take such steps as might be deemed proper to establish that right, and to designate an attorney at law to represent her, it being stipulated that any expenses incurred should be for account of her said agents, she binding herself to pay to the latter one-half of the net amount which she might receive under the inheritance as compensation for their services in that behalf.

2. Another contract, dated in Ponce June 21 of the year 1907, under like stipulations and terms, between José M. Calaf and María Calaf and the said Gregory and Cortada.

3. A written agreement executed before Notary José G. Torres on October 12, 1907, whereby Cortada acknowledges that he received from José Herrera $250 to defray the expenses incurred in connection with the steps taken to establish the rights of the heirs of Ramón Valentín Calaf against Federico Calaf, Cortada binding himself to return to Herrera, in payment of the money advanced and for his services rendered in the matter, the sum of $1,000, provided the litigation should be compromised or result in a judgment in favor of the plaintiffs.

Those contracts do not constitute an assignment or conveyance of hereditary rights in favor of Cortada, Gregory, and Herrera, who may be considered as parties interested in the result of the suit; but such an interest would not authorize them to appear therein and maintain the action prosecuted by the plaintiffs.

Although the appellant has also alleged in support of the appeal that the trial court erred in weighing the evidence in regard to the acknowledgment of Juan Ramón Calaf by Salvador Calaf Serra, a full argument has been had on this particular, and we do not consider ourselves authorized to discuss and decide the probatory value of the different classes of evidence introduced at the trial both in support of and against

such acknowledgment, because, as we have already said, the action herein prosecuted is not an action for filiation or acknowledgment of a natural child, but an action for the annulment of the designation of heirship, and in this suit no evidence other than that which would tend to show that the acknowledgment appeared in a solemn and authentic form, or by a judgment of a court, should have been admitted; and such evidence has not been introduced in this suit. Furthermore, in respect to the acknowledgment which has already been denied by the judgment of November 28, 1906, the presumption of *res judicata* exists and we must respect it.

For the foregoing reasons the judgment of the District Court of Arecibo, rendered July 30, 1909, from which this appeal is taken, should be reversed and the complaint giving rise to the action should be dismissed, with the costs against the plaintiffs and respondents.

*Reversed.*

Justices MacLeary, Wolf, and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.